United States District Court
Southern District of Texas
**ENTERED**
August 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JENNIFER RUIZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-24-2792 |
| § | |
| DERRICK WAYNE COLEMAN § | |
| AND THE GEO GROUP, INC., § | |
| § | |
| Defendants. § | |
| § | |

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Document No. 4). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is a premises liability and personal injury case. On February 22, 2024, Plaintiff Jennifer Ruiz ("Ruiz") sustained injuries after slipping in a pool of liquid in the hallway of her place of employment, located at 806 Hilbig Street in Conroe, TX (hereinafter "the Premises"). Ruiz contends that Defendant Derrick Wayne Coleman ("Coleman"), an employee of Defendant GEO Group, Inc. ("GEO"), negligently created a dangerous condition in which Ruiz slipped and was injured by

failing to monitor the metal cart he was controlling and operating that had been leaking water.

Based on the foregoing, on May 23, 2024, Ruiz filed suit against Defendants in the Harris County District Court for the 165th District, bringing claims for negligence, *respondeat superior*, and premises liability. On July 26, 2024, Defendants removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. On August 7, 2024, Ruiz moved to remand.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A removing party must show both the existence of federal jurisdiction and the propriety of removal. *Mumfrey v. CVS Pharmacy*, Inc., 719 F.3d 392, 397 (5th Cir. 2013).

A federal court may only assert subject matter jurisdiction over a matter when authorized by the federal constitution or by statute. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). A federal court may exercise jurisdiction over any civil action arising under the federal constitution, statutes, or treaties. 28 U.S.C. § 1331. A case arises under federal law when a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Griffith v. Alcon Rsch., Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (per curiam).

### III. LAW & ANALYSIS

Ruiz moves to remand this case to state court, contending Defendants have improperly removed this case under diversity jurisdiction.

Defendants contend that Coleman, a resident of Texas and employee on the Premises, was improperly joined in this case, and thus, his citizenship should be disregarded for purposes of diversity jurisdiction. Considering the Fifth Circuit's clear guidance that "the removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper," *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), the Court will now consider

3

whether Defendants have met their burden in showing that Coleman was improperly joined.

The Fifth Circuit has made clear that improper joinder must be determined based on an analysis of the causes of action alleged in the complaint at the time of removal. *Manguno*, 276 F.3d at 723. In evaluating a claim for improper joinder, the Court will determine whether a possibility exists that a Plaintiff may prevail on the merits of their claim. *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997). In cases where there is no claim of fraud in the pleadings, the removing party must show there exists "no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 567, 573 (5th Cir. 2004). In determining whether the plaintiff has stated a valid state law cause of action, the Court may conduct a Rule 12(b)(6) analysis by applying the federal pleading standard evaluating whether a plaintiff's pleading contains sufficient facts to state a plausible claim of relief. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Defendants contend in their notice of removal that Coleman is not a proper party to this case, arguing individual liability cannot be imposed on an

4

employee when the employee and employer allegedly committed identical negligent acts or omissions. Defendants further contend that Coleman owes no independent duty that would have been owed outside the context of his employment, and thus, was improperly joined because only GEO could be liable under Ruiz's allegations.

Ruiz contends that she has asserted a facially plausible state court claim against Coleman such that his joinder is proper. Ruiz cites a plethora of case in law in which federal courts in Texas have recognized that an employee may have an independent duty of care if the employee, like here, creates an unsafe condition that leads to a plaintiff's injury. *See Monreal v. Walmart Inc.*, 2022 WL 500588, at *2 (S.D. Tex. Feb. 18, 2022) (finding that an employee may have an independent duty separate from the employer's obligations if the employee engages in conduct that causes, or knowingly fails to prevent, a plaintiff's injury); *see also Land v. Wal-Mart Stores of Tex., LLC*, 2014 WL 585408, at *4 (W.D. Tex. Feb. 13, 2014) (recognizing an employee defendant breached an independent duty when he negligently operated a floor cleaning machine, creating a dangerously wet floor and failing to warn others before leaving the area); *see also Salcedo v. Alberston's LLC*, 2019 WL 13194255, at *3–6 (W.D. Tex. Nov. 7, 2019) (granting Plaintiff's motion to remand finding the petition stated a plausible claim against the nondiverse defendant employee by

alleging the employee's incorrect stacking of boxes created the danger that injured the plaintiff).

The Court finds that Ruiz has plead sufficient factual content that allows the court to draw an inference that there is a possibility that Coleman is liable to Ruiz in his role as an employee at the Premises by creating the pool of water on which Ruiz slipped. First, Ruiz's petition establishes that Coleman was an employee at the Premises.[1] Second, Ruiz alleges that Coleman was operating and controlling a metal cart that had been leaking water for some time, and knew or should have known of the conditions of the Premises and the dangers it presented.[2] Third, Ruiz alleges that Coleman created a dangerous condition on the premise and failed to remedy or warn others of the dangerous condition, negligently breaching his duty of care.[3] Ruiz contends that based on the foregoing, Coleman was not improperly joined because Ruiz's petition states a plausible claim he breached an independent duty of care by creating a dangerous condition and not remedying it. Defendants do not contest any portion of the facts alleged in Ruiz's petition. Based on the foregoing, the

---

[1] *Plaintiff's Original Petition*, Document No. 1, Exhibit A at ¶ 5.2.

[2] *Plaintiff's Original Petition*, Document No. 1, Exhibit A at ¶ 5.3.

[3] *Plaintiff's Original Petition*, Document No. 1, Exhibit A at ¶ 6.2.

Court finds that Defendants have failed to demonstrate there is no possibility of recovery by Ruiz against Coleman, as is required by the Fifth Circuit.

There is no other means for this Court to assert subject matter jurisdiction over this case. Having considered Defendants' assertion of improper joinder and establishing that the non-diverse Coleman was properly joined in this action, the Court notes that Coleman's inclusion as a defendant destroys the complete diversity necessary to maintain jurisdiction. The Court also notes there is no other basis for federal subject matter jurisdiction. Accordingly, Ruiz's motion to remand this action to the Harris County District Court for the 165th Judicial District is granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion to Remand (Document No. 4) is **GRANTED**. This case is hereby **REMANDED** to the Harris County District Court for the 165th District.

SIGNED at Houston, Texas, on this **29** day of August, 2024.

                                              DAVID HITTNER
                                              United States District Judge